**LOUISVILLE GAS & ELECTRIC COMPANY, Appellant,**

v.

**Ben J. JOHNSON, Suing Herein as Guardian for William Thomas Crook, an Infant, Appellee.**

Court of Appeals of Kentucky.

March 25, 1955.

Rehearing Denied Oct. 14, 1955.

derprivileged children in Jefferson County, named Ormsby Village. William Crook, a Colored boy 13 years of age, was a ward of Ormsby Village at the time he received his injuries in May, 1951. While at play behind a cottage at Ridgewood, which is the Colored section of Ormsby Village, the boy climbed a tree and came in contact with one of the primary wires carrying electric current to the cottages. He was burned severely and knocked to the ground. The severity of his injuries is indicated by the fact that his left arm was amputated just below the elbow, and he had other burns about his body.

The appellant's liability was predicated upon the theory that it owned and maintained the electric line with which William Crook came in contact. In the absence of a showing of ownership or a duty to inspect and maintain an electric system, an electric light company can not be held liable for injuries occassioned by negligent maintenance of the system. Kentucky Utilities Company v. Hodges' Adm'r, 301 Ky. 252, 191 S.W.2d 410; Maynard v. Kentucky & West Virginia Power Co., 266 Ky. 295, 98 S.W.2d 460; Smith's Adm'x v. Middlesboro Electric Company, 164 Ky. 46, 174 S.W. 773. The evidence in this case shows conclusively that the appellant had no ownership, control or duty to inspect and maintain the electric lines within the confines of Ormsby Village.

In September, 1929, an electric system was constructed by the appellant at Ormsby Village to serve all of the Village, including Ridgewood. The construction was done under a contract and the appellant was paid for the poles and wires that were used within Ormsby Village. An architect employed by Louisville and Jefferson County supervised the work. Payment for the work was contingent upon his approval. The electric lines within Ormsby Village, beyond the meter used by the appellant to measure the amount of electricity used at Ormsby Village, serve only the facilities therein and no other customers. The line does not extend be-

Norman Curtis, Louis Seelbach, B. Hudson Milner, Albert F. Reutlinger, Curtis & Curtis, Middleton, Seelbach, Wolford, Willis & Cochran, Louisville, for appellant.

Marvin Snyder, Louisville, for appellee.

CAMMACK, Justice.

This action was instituted on behalf of William Crook, an infant, to recover damages for injuries allegedly caused by the appellant's, Louisville Gas & Electric Company, negligent maintenance of an electric power line. The appeal is from a judgment for $40,000 in favor of the appellee. It is argued, inter alia, that the appellant was entitled to a directed verdict. Since we are in accord with that view, our discussion of the case will be confined to that question.

The Louisville and Jefferson County Children's Home, an independent City-County governmental agency, maintains and operates a home for indigent and un-

yond the Village. It is admitted that, since the original construction of the system, the appellant has been called upon from time to time by the officials at Ormsby Village to do repair and maintenance work on it. However, there was no showing that the appellant was under any contractual duty to inspect and maintain the lines. Indeed, other electrical contractors have been employed to work on the lines. Charles E. Stephens, Superintendent of Buildings and Grounds for the Louisville and Jefferson County Children's Home, testified that the only reason the appellant or any one else was employed to work on the lines was because the Home did not have men qualified to do the work; and that if it did have them it could do its own repair work. William Lynam, the engineer in charge of maintenance at Ormsby Village, testified that he could, if he chose, cut off the current on the primary lines and could employ anyone he chose to perform this job. We conclude, therefore, that beyond the meter, the lines were within the exclusive control of the owner of the premises and the appellant was under no duty to inspect and maintain them. See Baker's Adm'x v. Kentucky & West Virginia Power Co., 290 Ky. 38, 160 S.W.2d 360.

The appellee stresses the fact that the appellant had exclusive control of the current flowing through the electric lines. We think that fact alone is of no consequence since the appellant likewise has exclusive control over the current flowing to all of its consumers. This fact places no duty upon the company to inspect and maintain the lines in every private residence or commercial enterprise served by it.

It is very unfortunate that William Crook was so severely injured and permanently handicapped. However, responsibility should not be placed upon the appellant merely because it supplied the electricity which caused his injuries.

The judgment is reversed, with directions to set it aside, and for proceedings consistent with this opinion.